No. 365

SWING v. SWING et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2700.   Decided Nov. 30, 1925

315. COSTS AND FEES—Court is not authorized to allow fees to counsel for a mortgagee when the property is sold on foreclosure.

PER CURIAM

The action in Hamilton Common Pleas was for partition. The Miami Savings & Loan Co. filed an answer and cross petition, praying for judgment.

Partition was abondoned, and judgment entered foreclosing the mortgage of the Savings & Loan Co. but not permitting assessing the attorneys fees. Error was prosecuted from this judgment, and the Court of Appeals held:

A court is not authorized to allow fees to counsel for a mortgage when the property is sold in foreclosure.

Judgment affirmed.

Attorneys—Jones & Pfau, Cincinnati, for Loan Co.

---

FEDERAL OPINIONS

No. 366

NATIONAL SURETY CO. v. BROWN-GRAVES CO.

U. S. Appeals, 6th Circuit

No. 4357.   Decided July 15, 1925

755. MECHANICS LIENS—Bond executed by owner to mortgagees to save them from mechanics liens does not inure to benefit of contractors or materialmen.

167. SURETY BOND—Materialman's reliance on bond does not enlarge obligations or purposes for which bond was executed.

MOORMAN, C. J.

The Wade Chateau Co., for the purpose of erecting a building, issued bonds in the amount of $100,000 secured by a mortgage issued to the Guardian Bank as trustee for the bondholders. In the deed of trust there was a clause providing that the Wade Chateau Co. furnish a bond in amount of $50,000, to secure the bondholders from liability on any mechanics liens.

After the execution of the bond, the Brown-Graves Co. furnished material for the construction of the building. Subsequently the Chateau Co. became insolvent and the creditors asserted liens on the building which was sold subject to the mortgage bonds and the proceeds distributed among the creditors, leaving a balance due the Brown-Graves Co. of $13,252.35.

This action was brought by the said company to recover from the surety, the balance due it from the Wade Chateau Co. The District Court held in favor of the Brown-Graves Co. The Surety Co. prosecuted error and the Circuit Court of Appeals held:

1. This bond was executed at the instance and for the sole benefit of the bondholders and did not inure to the benefit of those furnishing labor and material.

2. The mere fact that the Brown-Graves Co. relied on this bond did not enlarge the obligation of the bond or the purpose for which it was executed.

3. Inasmuch as the Brown-Graves Co. was not a party to this bond or to the consideration inducing its execution, and as it was not made for the benefit of the creditors, the said company cannot recover thereunder.

Judgment reversed.

Attorneys—Tolles, Hogsett, Ginn & Morley, for National Surety Co.; Day & Day, and Simmons, DeWitt & Villas for Brown-Graves Co.; all of Cleveland.